NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

_____

10-4302
_____


MACKIN ENGINEERING COMPANY,
                                        Appellant

v.

AMERICAN EXPRESS COMPANY; AMERICAN EXPRESS
TRAVEL RELATED SERVICES COMPANY, INC.;
AMERICAN EXPRESS BANK, FSB


_____


On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2-10-cv-01041)
District Judge:  Hon. Arthur J. Schwab
_____


Submitted Under Third Circuit LAR 34.1(a)
July 11, 2011

Before:  SLOVITER, FUENTES, and VANASKIE, *Circuit Judges*

(Filed: July 14, 2011)
_____


OPINION

SLOVITER, *Circuit Judge*.

Mackin Engineering Co. appeals from the order of the District Court granting the motion to dismiss filed by American Express Co., American Express Travel Related Services Co., Inc., and American Express Bank, FSB (collectively, "American Express") for failure to state a claim. In granting the motion, the District Court concluded that the Uniform Commercial Code ("U.C.C." or "Code") displaced Mackin's common law claim that American Express breached implied duties in its corporate credit card contract with Mackin. Viewing the U.C.C. as controlling, the Court held that Mackin's claim was time-barred under the Code's three year statute of limitations. We will affirm.[1]

## I.

Mackin, a Pennsylvania corporation, long maintained an American Express Business Credit Card Account, subject to a written Cardmember Agreement. On or about July 21, 2006, Mackin discovered that one of its employees had been embezzling Mackin's funds by "sign[ing] and issu[ing]" Mackin's checks to pay for charges to the employee's personal American Express credit card. App. at 28. Mackin uncovered evidence of the embezzlement on August 18, 2006, when one of its checks, dated June 14, 2006, was misapplied to the employee's personal account instead to Mackin's business account. Upon request, American Express credited $28,160.07 to Mackin's credit card account, the amount of the misappropriated check. Further investigation by

---

[1] The District Court had jurisdiction by virtue of the diversity of the parties under 28 U.S.C. § 1332. This court has jurisdiction under 28 U.S.C. § 1291.

Mackin revealed that the employee's embezzlement spanned the previous three years and totaled $843,958.84, excluding the $28,160.07 credit. Mackin immediately fired the employee.

Approximately four years later, on August 6, 2010, Mackin filed a Complaint against American Express, alleging that the written Cardmember Agreement for the Mackin business account imposed duties on American Express to act in good faith and engage in fair dealing in its performance relating to that account, and also imposed a duty under the doctrine of implied necessity not to use Mackin's funds to pay for the employee's personal charges. The Complaint further alleged that under the U.C.C., American Express had a duty to use ordinary care with respect to negotiating Mackin's checks and crediting them to the employee's personal account, and that American Express was "unjustly enriched by its conversion as payee" of the checks. App. at 32. The Complaint states that American Express breached the contract and violated its implied duties, essentially by neglecting to "investigate" and "detect" the employee's spending habits and use of Mackin's funds for her personal credit card and by failing to "report" the employee's conduct to Mackin. App. at 33. Mackin requested judgment against American Express in the amount of $843,958.84, the unrecovered amount of the employee's embezzlement.

After removing the case to federal court, American Express filed a motion to dismiss pursuant to Rule 12(b)(6). In granting that motion, the District Court observed that Mackin's breach of contract claim was "based entirely on allegedly misappropriated

company checks that were transmitted to and received by [American Express] in discharge of the debt owed by [Mackin]'s former [employee]." *Mackin Eng'g Co. v. Am. Express Co.*, No. 10-cv-1041, 2010 U.S. Dist. LEXIS 108395, at *9 (W.D. Pa. Oct. 12, 2010). The Court reasoned that Mackin's common law claim was preempted by the U.C.C. because the Code provided Mackin "the remedy [Mackin] seeks for the action it is bringing against American Express – reimbursement of the negotiated sums." *Id.* at *16. Moreover, enforcing the U.C.C.'s statute of limitations furthered the Code's goals by recognizing that "the victim of the conversion is in the best position to detect the loss and take appropriate action." *Id.*

Viewing the U.C.C. as having displaced Mackin's claim, the District Court explained that Mackin's Complaint, filed August 6, 2010, was not brought within the Code's applicable three year statute of limitations, which began to run when American Express accepted Mackin's June 14, 2006 check and credited it to the employee's personal credit card account. The Court thus dismissed the Complaint as time-barred. Mackin appeals.[2]

## II.

---

[2] We conduct a plenary review over a district court's grant of a motion to dismiss for failure to state a claim. *Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 190 (3d Cir. 2009). Although a statute of limitations defense generally cannot be raised in the context of a Rule 12(b)(6) motion to dismiss, an exception is made "where the complaint facially shows noncompliance with the limitations period and the affirmative defense clearly appears on the face of the pleading." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n.1 (3d Cir. 1994).

In assessing whether the U.C.C. displaces a common law claim, this court begins with two basic principles. *New Jersey Bank v. Bradford Sec. Operations, Inc.*, 690 F.2d 339, 345 (3d Cir. 1982). First, the U.C.C. "must be liberally construed and applied to promote its underlying purposes and policies." 13 Pa. Cons. Stat. Ann. § 1103(a); *see* Utah Code Ann. § 70A-1a-103(1).[3] Second, "[u]nless displaced by the particular provisions of [the U.C.C.], the principles of law and equity . . . supplement its provisions." 13 Pa. Cons. Stat. Ann. § 1103(b); *see* Utah Code Ann. § 70A-1a-103(2). Thus, the U.C.C. does not displace the common law "except insofar as reliance on the common law would thwart the purposes of the Code."[4] *New Jersey Bank*, 690 F.2d at 346. Where the U.C.C. "provide[s] a comprehensive remedy for parties to a transaction, a common-law action will be barred." *Id.*

A fair reading of the Complaint reveals that Mackin's claim is based entirely on American Express's allegedly improper negotiation of Mackin's unauthorized checks. The U.C.C. contains comprehensive provisions regulating negotiable instruments. 13 Pa. Cons. Stat. Ann. § 3102; Utah Code Ann. § 70A-3-102. Those U.C.C. provisions contain

---

[3] Although Mackin argues that Pennsylvania law governs this action, and the position of American Express is that Utah law applies pursuant to a choice of law provision in the Cardmember Agreement (which is not in the record), both parties agree that their difference on that issue is irrelevant for the purposes of this appeal because both Pennsylvania and Utah have adopted the U.C.C.

[4] The purposes and policies of the U.C.C. are "to simplify, clarify and modernize the law governing commercial transactions;" "to permit the continued expansion of commercial practices through custom, usage and agreement of the parties;" and "to make uniform the law among the various jurisdictions." 13 Pa. Cons. Stat. Ann. § 1103(a); *see* Utah Code Ann. § 70A-1a-103(1).

5

a loss-allocation scheme that limits an employer's ability to externalize the costs of employee embezzlement, reflecting the view that the employer is in the best position to detect the loss and take appropriate action. *Menichini v. Grant*, 995 F.2d 1224, 1231 (3d Cir. 1993) ("Article 3 of the UCC furnishes us with the applicable loss-allocation rules for the check payments. These rules, premised on the responsibility to exercise ordinary care, proceed from the principle that liability rests with the party best able to prevent the loss."); *see* 13 Pa. Cons. Stat. Ann. §§ 3307, 3417, 3418, 3420, 4406; Utah Code Ann. §§ 70A-3-307; 70A-3-417, 70A-3-418, 70A-3-420, 70A-4-406.

Contrary to the policy underlying the U.C.C.'s loss-allocation scheme, Mackin's common law breach of contract claim attempts to burden American Express, as payee, with an implied duty to investigate the conduct of Mackin's employee. Because this would thwart the policy reflected in the Code, the District Court correctly concluded that the U.C.C. displaced Mackin's claim, rendering it subject to the Code's applicable three year statute of limitations. *See* 13 Pa. Cons. Stat. Ann. § 3118(g); Utah Code Ann. § 70A-3-118(7). As the District Court observed, Mackin "was clearly in a better position to detect its employee's fraud more easily and quickly than American Express" and "had the opportunity to initiate this lawsuit within the statute of limitations after it discovered the entirety of its employee's conversion in 2006, but chose not to do so." *Mackin Eng'g Co.*, 2010 U.S. Dist. LEXIS 108395, at *16. Mackin does not dispute that under the applicable limitation period, the face of its Complaint reveals that its claim is time-barred.

6

**III.**

For the foregoing reasons, we will affirm the judgment of the District Court.